UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN BROWN #723909,

    Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:15-cv-1091

MICHIGAN DEPARTMENT
of CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

        Plaintiff initiated this action on October 23, 2015, against the Michigan Department of Corrections (MDOC) and the following individuals: (1) Unknown O'Neal; (2) Unknown Hawkins; and (3) Heidi Washington. (ECF No. 1). On screening, the Court dismissed Plaintiff's claims against Defendants MDOC, O'Neal, and Washington. (ECF No. 10). With respect to Defendant Hawkins, the Court dismissed Plaintiff's claims that Hawkins lost, damaged, or destroyed certain items of his property during a transfer from one facility to another. (ECF No. 10). The Court also dismissed Plaintiff's claims that Defendant Hawkins unlawfully searched and/or seized his property. (ECF No. 10). Plaintiff unsuccessfully moved for reconsideration of this determination. (ECF No. 30). Plaintiff also amended

his complaint to assert claims against Mary Berghuis, but these claims were dismissed. (ECF No. 27, 30). Thus, the only claims remaining in this matter are that Defendant Hawkins improperly opened Plaintiff's outgoing mail, subjected Plaintiff to unlawful discrimination, and seized Plaintiff's "sexually explicit materials" in violation of the Ex Post Facto Clause. Defendant Hawkins now moves for summary judgment on the ground that Plaintiff has failed to exhaust his available administrative remedies as to his remaining claims.

## LEGAL STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view

the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to

hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Prisoners are no longer required to demonstrate exhaustion in their complaints.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id.*  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail

> necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

MDOC policy also provides that if a prisoner "files an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or contain prohibited language. . .or is found guilty of misconduct for filing an unfounded grievance" he may be placed on modified grievance access. *Id.* at ¶ HH. While on modified grievance access, a prisoner "shall be able to obtain grievance forms

only through the Step I Grievance Coordinator" who determines whether "the issue the prisoner. . .wishes to grieve is grievable and otherwise meets the criteria outlined in this policy." *Id.* at ¶ KK.

There is no dispute that during the time period in question, Plaintiff was on modified grievance status. As the Sixth Circuit has made clear, however, placement on modified grievance access status does not relieve a prisoner of the obligation to exhaust his administrative remedies. *See, e.g., Walker v. Michigan Department of Corrections*, 128 Fed. Appx. 441, 446-47 (6th Cir., Apr. 1, 2005) ("the fact that Walker's grievances must first be screened by a grievance officer prior to their consideration in the normal grievance process does not mean that he is unable to file non-frivolous grievances, nor that they will not be properly heard"); *see also, Ryan v. Norwood*, 2014 WL 2207192 at *4 (W.D. Mich., May 28, 2014) (same).

A prisoner need only exhaust, however, such administrative remedies as are available. *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones"). Thus, if a prisoner on modified grievance access requests a grievance form, in a manner consistent with MDOC policy, denial of such request would constitute by the prisoner exhaustion of available administrative remedies as to the issues presented in the request for a grievance form. *See, e.g., Walker*, 128 Fed. Appx. at 446-47; *Ryan*, 2014 WL 2207192 at *4. Denial of a proper request for a grievance form cannot, however, serve to properly exhaust claims or issues not presented in the grievance form request. *See, e.g., Thompson v. Zwikler*, 2013 WL 5538882 at *5 (W.D. Mich., Oct. 8, 2013) ("A prisoner cannot be permitted to make the MDOC's grievance system unavailable through his own abuse of the system. Any contrary approach would produce the absurd result of encouraging prisoners to abuse the grievance process in order to be placed on grievance restriction and

thereby obtain the substantial reward of a quick and easy method of getting around the PLRA's entire statutory exhaustion requirement").

Plaintiff asserts that he twice requested a grievance form so that he could submit a grievance against Defendant Hawkins for searching through and later discarding certain items of personal property. (PageID.57-58). Plaintiff asserts that he was not provided a grievance form to pursue these particular claims, something Defendant does not challenge. Defendant asserts, however, that Plaintiff made no further attempt to grieve his remaining claims. Plaintiff presents no evidence suggesting otherwise. While Plaintiff advances several arguments in which he expresses his displeasure with his living conditions and the grievance process, in general, such arguments are irrelevant on the question whether Plaintiff properly exhausted his remaining claims against Defendant Hawkins.

In sum, Defendant Hawkins has satisfied his burden to demonstrate that Plaintiff has properly exhausted only his claims regarding Hawkins' alleged search and disposal of his personal property. As discussed above, however, these claims have already been dismissed. Stated differently, Defendant has established that Plaintiff has failed to properly exhaust any of his remaining claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 28), be **granted** and Plaintiff's remaining claims be **dismissed without prejudice for failure to exhaust administrative remedies**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date:  September 15, 2016     /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    United States Magistrate Judge